**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

**JAMES V. STREETMAN,**
                         **Petitioner,**

**-vs-**                                                   **Case No.  A-25-CV-01738-DAE**

**ERIC GUERRERO,**
                         **Respondent.**

_____

**O R D E R**

Before the Court are Petitioner James V. Streetman's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, Respondent's Answer, and Petitioner's reply.  Petitioner paid the $5.00 filing fee.  After consideration of the above-referenced pleadings, the Court dismisses Petitioner's petition as time-barred.

According to Respondent, the Director has custody of Petitioner pursuant to two judgments and sentences of the 427th Judicial District Clerk of Travis County, Texas, in cause numbers D-1-DC-12-205261 and D-1-DC-12-205262. Petitioner entered a plea of guilty in exchange for dismissal of two other pending charges and a sentence of 25 years.  The trial court accepted the plea and sentenced Petitioner pursuant to the plea agreement on May 17, 2013.  Petitioner did not appeal his convictions.

Petitioner did, however, challenge his conviction in D-1-DC-12-205262 in a state application for habeas corpus relief.  Petitioner executed his application on December 28, 2023.  On November 6, 2024, the Texas Court of Criminal Appeals denied the application without written order on the findings of the trial court and on its independent review of the record on November 6, 2024. *Ex parte Streetman*, No. 95,873-01.  Petitioner claims he also filed an application in D-1-DC-

12-205261 at the same time.  However, there is no record that the application was filed in the trial court.  Nevertheless, for purposes of this order, the Court considers the application filed as the same date as his other state application was filed.

Federal law establishes a one-year statute of limitations for state inmates seeking federal habeas corpus relief.  *See* 28 U.S.C. § 2244(d). That section provides, in relevant part:

> (d)(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of–
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Petitioner's convictions became final on June 17, 2013, at the conclusion of time during which he could have appealed his convictions.  *See* TEX. R. APP. P. 26.2(a).  Therefore, Petitioner had until June 17, 2014, to timely file his federal application.  Petitioner did not execute his federal application for habeas corpus relief until October 23, 2025, long after the limitations period had expired.

Petitioner's state applications did not operate to toll the limitations period, because they were filed after the limitations period had already expired.  *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (state application for habeas corpus relief filed after limitations period expired does not

toll the limitations period).  In addition, Petitioner incorrectly argues that his petition is timely because his federal petition was filed less than one year after the Texas Court of Criminal Appeals denied his state application for habeas corpus relief.

Petitioner alleges no facts showing any equitable basis exists for excusing his failure to timely file his federal habeas corpus application.  *See Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) ("a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way.").  Petitioner bears the burden of establishing equitable tolling is appropriate.  *See Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir.), *modified on reh'g*, 223 F.3d 797 (2000) (*per curiam*). Ineffective assistance of counsel is irrelevant to the tolling decision because a prisoner has no right to counsel during a post-conviction collateral attack upon a criminal conviction.  *United States v. Petty*, 530 F.3d 361, 366 (5th Cir. 2008).  Mere attorney error or neglect will not establish extraordinary circumstances warranting equitable tolling.  *Id.*  Nor will a petitioner's ignorance of the law, lack of legal training or representation, and unfamiliarity with the legal process.  *Id.* at 365-66; *see also Sutton v. Cain*, 722 F.3d 312, 316-17 (5th Cir. 2013) (a garden variety claim of excusable neglect does not warrant equitable tolling).

It is therefore **ORDERED** that Petitioner's petition for writ of habeas corpus is **DISMISSED WITH PREJUDICE** as time-barred.

It is further **ORDERED** that Petitioner is **DENIED** a certificate of appealability.

-3-

It is finally **ORDERED** that this case is **CLOSED**.

**SIGNED** this the 30th day of May 2026**.**

_____
DAVID A. EZRA
SENIOR UNITED STATES DISTRICT JUDGE